IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEREK SMITH and ANGELA SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case Number CIV-08-89-C |
| ) | |
| SMART BUY HOMES, an Oklahoma ) | |
| corporation; BRIDGEPORT LENDING, ) | |
| LLC, an Oklahoma limited liability ) | |
| Company; and SOUTHERN ENERGY ) | |
| HOMES, INC., a Foreign corporation, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiffs filed a Motion to Administratively Reopen Case, to Remand to State Court for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for Leave to Amend Complaint and Request for this Court's Intervention (Dkt. No. 11) in this action. Plaintiffs originally filed this action in state court asserting various state law based claims and an allegation that the Truth in Lending Act, a federal law, was violated during the purchase of a manufactured home. Noting the allegation of a federal question, Defendant Smart Buy Homes, Inc. ("Smart Buy"), removed the case to this Court. Shortly thereafter, Defendants Smart Buy and Southern Energy Homes, Inc. ("Southern Energy"), filed a Motion to Dismiss arguing the contract between the parties, which was the basis for Plaintiffs' case, contained an arbitration clause. Plaintiffs conceded the motion and agreed to arbitrate the matter. The Court then entered an Administrative Closing Order, staying the case pending

completion of the arbitration proceedings. Plaintiffs have now filed the present motion, conceding that although no arbitration has occurred, the Court should reopen the matter and consider the merits of their motion.

Plaintiffs' motion raises several issues; however, the Court must first address Plaintiffs' argument that it lacks subject matter jurisdiction. According to Plaintiffs, Smart Buy's removal was improper and therefore the Court lacked jurisdiction. Plaintiffs assert that the removal was premised on the existence of a federal question brought against Defendant Bridgeport Lending LLC ("Bridgeport"), and that in the Amended Complaint, which was filed before removal, no federal claims were alleged against Defendants Smart Buy and Southern Energy. Plaintiffs argue that because Smart Buy removed the case, the removal was defective and remand is required. Plaintiffs also complain that neither Southern Energy nor Bridgeport joined in the removal and that also renders the removal defective.

Plaintiffs arguments are without merit. First, Plaintiffs concede that at all times a federal question was present on the face of the state court petitions. That the federal claim was brought against a defendant other than the one who initiated the removal is immaterial. In pertinent part 28 U.S.C. § 1441(a) states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." At the time of removal only Defendants Smart

Buy and Southern Energy had been served. Thus, either of those Defendants could properly remove the action even if there was no federal claim brought against them.

Plaintiffs also argue the removal was defective as it was initiated only by Defendant Smart Buy. According to Plaintiffs, the failure of Defendants Southern Energy and Bridgeport to join in the removal requires remand pursuant to 28 U.S.C. § 1441(a). Although Plaintiffs are generally correct in the statement of the law, ultimately any defects are meaningless. The Tenth Circuit precedent, as with the majority of jurisdictions, holds that where the removal petition is not joined by all defendants, the removal is defective. Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981). However, contrary to Plaintiffs argument, this defect does not affect the Court's subject matter jurisdiction. Although Defendant Southern Energy did not join in the Notice of Removal, its subsequent actions have made clear that it joins in Defendant Smart Buy's desire to have this matter adjudicated in federal court. Since the case was removed, Defendant Southern Energy has filed an Answer, joined in the Motion to Dismiss for Arbitration, and joined Defendant Smart Buy in opposing Plaintiffs' request for remand. Thus, any defect in removal by the failure of Defendant Southern Energy has been cured and the Court has subject matter jurisdiction. See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 (10th Cir. 1999).

Plaintiffs also complain of the lack of consent to removal by Defendant Bridgeport. However, that issue is immaterial. First, it is clear that to the extent this fact constitutes a

defect in the removal, Plaintiffs have waived their right to object by not raising it within 30 days of the removal. See 28 U.S.C. § 1447(c). Second, the failure to join all Defendants in the Notice of Removal is a procedural defect as it does not affect the basis for the Court's exercise of subject matter jurisdiction. See In re FMC Corp. Packaging Sy. Div., 208 F.3d 445, 450, n.6 (3rd Cir. 2000). Because the defect was procedural, it does not deprive the Court of subject matter jurisdiction. See Miller v. Principal Life Ins. Co., 189 F.Supp.2d 254, 258, n.4 (E.D. Pa. 2002) ("[t]he failure of all defendants to consent to removal is a waivable defect and does not in any way deprive this court of subject matter jurisdiction."); see also Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp., 98 Fed.Appx. 752 (10th Cir. 2004) (recognizing failure of all defendants to consent to removal is procedural defect which did not impact court's subject matter jurisdiction and for which any challenge had to be lodged within 30 days as required by 28 U.S.C. § 1447(c)). Finally, as Defendants Smart Buy and Southern Energy point out, as of yet, Defendant Bridgeport has not been served. The failure of a non-served defendant to join in the removal does not impact the propriety of the removal. See Jones v. Houston Indep. School Dist., 979 F.2d 1004, 1007 (5th Cir. 1992). Thus, Plaintiffs' request for remand lacks merit and will be denied.

Satisfied that it may properly exercise subject matter jurisdiction over this action, the Court must next consider Plaintiffs' request to reopen the proceedings. Plaintiffs' request seeks to reopen so that the Court may decide whether this matter should be decided

pursuant to the Federal Arbitration Act ("FAA") or the Oklahoma Uniform Arbitration Act and whether or not their claims can be amended to include claims against officers of Defendant Smart Buy. The Court finds Plaintiffs have waived any right to contest whether the FAA or the Oklahoma Uniform Act applies by virtue of their failure to contest Defendants' Motion to Dismiss: or in the Alternative Motion to Stay the Case and Compel Arbitration (Dkt. No. 6). The brief in support of that motion clearly argued that despite the language of the contract, the FAA should govern. Plaintiffs are now bound by their decision not to contest that argument.

As for whether or not Plaintiffs may add additional defendants and whether or not Bridgeport should participate in the same arbitration as Defendants Smart Buy and Southern Energy, the Court finds those questions are matters for the arbitrator. In reaching this decision, the Court must consider whether the issues raise questions of procedure or arbitrability. Questions of arbitrability hinge on whether or not the dispute is within the scope of the agreement to arbitrate. Here, the issues raised by Plaintiffs fall within the scope of the arbitration agreement. As noted above, that agreement stated an intent to arbitrate all disputes arising "out of" or "in relation to" the contract. Thus, whether or not the contract resulted from fraud by the officers or what parties should attend the arbitration are issues within the scope of the agreement and are for the arbitrator, not the Court. "Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final

disposition should be left to the arbitrator." <u>John Wiley & Sons, Inc. v. Livingston</u>, 376 U.S. 543, 557 (1964).  Thus, there is no reason to reopen the proceedings as Plaintiffs' requests are to be decided by the arbitrator not the Court.

For the reasons set forth herein, Plaintiffs' Motion to Administratively Reopen Case, Motion to Remand to State Court for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for Leave to Amend Complaint and Request this Court's Intervention in the Action (Dkt. No. 11) is DENIED.

IT IS SO ORDERED this 4th day of December, 2008.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge